UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

Angel Collado Gonzalez,                          Case No.  25cv753

                              Plaintiff,         JURY TRIAL DEMANDED

        -against-

Chestnut Holdings of New York, Inc., 1231 LLC,
Kerem Holdings 7 LLC and 1504 Sheridan LLC,

                              Defendants.
_____x

Plaintiff Angel Collado Gonzalez by and through his attorney Nisar Law Group, PC

complaining of  Defendants Chestnut Holdings of New York, Inc., 1231 LLC, Kerem Holdings 7

LLC and 1504 Sheridan LLC alleges as follows:

## <u>NATURE OF THE CASE</u>

1.    Plaintiff Angel Collado Gonzalez ("Plaintiff" or "Collado") was employed as a

superintendent or residential building maintenance worker for Defendant Chestnut Holdings of

New York, Inc. that managed and maintained buildings including a residential building located

1231 Fulton Avenue, Bronx, New York ("1231 Fulton".  From on or about April 1, 2024 to on or

about September 6, 2024 Plaintiff worked as a superintendent at 1231 Fulton.  From on or about

June 1, 2024 to September 6, 2024  Plaintiff was provided an unfinished apartment by Chestnut

Holdings and was required to be on-call 24 hours / 7 days per week as a live-in superintendent to

perform emergency and after hours maintenance duties.  At all relevant times, Plaintiff regularly

worked approximately 84 hours per each seven (7) day workweek.  Plaintiff's regular hours were:

Monday, Wednesday Friday and Sunday from 7am to 7pm and Tuesday, Thursday and Saturday

6am to 7pm with a approximately 30 minute breaks during each workday.  From on or about April

1, 2024 to May 31, 2024, Plaintiff was paid $382.00 per week. From on or about June 1, 2024 to July 31, 2024 Plaintiff was paid approximately $585.00 per week. From on or about August 1, 2024 to September 6, 2024 Plaintiff was paid approximately $442 per week. During the time period April 1, 2024 through September 6, 2024, the minimum wage in New York City was $16.00 per hour, overtime wages at 1.5 times the minimum wage rate was $24,00. At approximately 84 hours worked per workweek, Plaintiff's weekly wages were approximately $1,696.00 per week pursuant to the 29 USC 206, 207 and NYLL 651 et seq, rules and regulations. At all relevant times, Plaintiff worked seven (7) days per week more than ten (10) hours per day from the beginning to the end of the workday irrespective of breaks. Accordingly, Defendants failed to pay Plaintiff an extra one hour of pay per workday at the minimum wage rate of $16.00 per hour pursuant to the NYLL.

2.    On or about June 2024, Plaintiff purchased out of his own pocket, a second hand stove, toilet and refrigerator and installed them in the apartment provided by Chestnut Holdings. From on or about June 1, 2024 to July 31, 2024, Defendants unlawfully deducted approximately $200.00 from Plaintiff's wages as weekly rental payments in violation of NYLL §193. From on or about August 1, 2024 to September 6, 2024, Defendants unlawfully deducted approximately $350.00 from Plaintiff's wages as weekly rental payments also in violation of NYLL §193. In violation of NYLL §195(1) Plaintiff was never provided with a wage notice acknowledgment at the time of his hire, detailing among other information, the employer's name and contact information, Plaintiff's minimum and overtime wage rates and his regular pay date. In violation of NYLL §195(3) Plaintiff was not provided with proper wage statements that provided among other information, his total weekly hours worked and corresponding wage rates for hours worked up to 40 hours in a workweek and hours worked in excess of 40 hours in a workweek. Because Defendants did not

2

provide Plaintiff with a proper wage notice and wage statements, Plaintiff was prevented from complaining about underpayments of minimum, spread of hours and overtime wages to the Department of Labor, the courts or the employer and suffered repeated underpayments of his wages or inadequate sustenance.  On or about August 1, 2024, Plaintiff complained to his manager Daniel about the decrease in pay from approximately $585 to $442 per week and that he was struggling to pay bills and support himself and his ill parent and disabled sibling thereby engaging in protected activities within the meaning of the FLSA and NYLL.  Plaintiff also complained about the lack of heat in the winter, hot water and lack of air conditioning in the summer in the unit.  Approximately one month later, Plaintiff was summarily discharged in close temporal proximity to his complaints about his wage underpayments in violation of 29 USC 215 and NYLL 215.  Accordingly, Plaintiff seeks to recover all minimum, spread of hours and overtime wage underpayments, the unlawful deductions that Defendants took from his wages without authorization from Plaintiff, out of pocket costs and expenses that Plaintiff incurred to improve Defendants' real property, NYLL 195 penalties, liquidated damages, attorneys' fees and costs in amounts to be determined at the time of trial and any and other further relief that this Court deems just and proper.

## JURISDICTION AND VENUE

3.   This Court has original subject matter jurisdiction under FLSA 29 USC §201 et seq. and 28 U.S.C. §§ 1331 and 1343.

4.   The Court has supplemental jurisdiction over the NYLL §190 et seq. and NYLL §651 et seq (Wage Theft Prevention Act "WPTA") state law claims pursuant to 28 U.S.C. § 1367.

5.    Plaintiff was at all relevant times during on or about  a superintendent or manual laborer for residential buildings maintained by Defendants and performed primarily manual duties including but not limited to cleaning common areas including mopping, sweeping, window

cleaning, maintenance including plumbing repair, fixture installation or repair, receiving and utilizing deliveries of products to be used for cleaning, repair, fixture installation or other maintenance of the Defendants' buildings and/or for individual tenants and providing emergency maintenance repairs for and provision of keys for locked out tenants.   During all relevant times, Plaintiff was a manual laborer and therefore, non-exempt from minimum and overtime wage provisions of the FLSA and NYLL.

6.      Defendants were at all relevant times an employer within the meaning of the FLSA as they had gross annual revenues of over $500,000 and its employees regularly handled goods that have been moved in or produced for commerce by any person.

7.      This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

**STATEMENT OF FACTS**

**THE PARTIES:**

**PLAINTIFF:**

9.      From on or about April 1, 2024 to May 31, 2024, Plaintiff worked as a superintendent or residential building maintenance worker for Defendant Chestnut Holdings at a building located at 1504 Sheridan Avenue, Bronx, NY.  From on or about June 1, 2024 to September 6, 2024, Plaintiff

4

was employed by Defendant Chestnut Holdings as a live-in superintendent at a building located at 1231 Fulton Avenue, Bronx, NY.

10.    During the relevant time period, Plaintiff was paid in cash or checks from 1231 LLC ("1231"), or 1504 Sheridan LLC ("1504 Sheridan") or Kerem Holdings 7, LLC ("Kerem") which were all located at the same address as Chestnut Holdings.

11.    Plaintiff's duties included but were not limited to cleaning common areas of his building including entrance way, hallways, stair ways, trash removal, plumbing and apartment fixture and appliance repairs, fixture and appliance installations, carpentry, painting, and assisting tenants when they were locked out, receiving packages of maintenance supplies for the building and/or tenants. As a live-in superintendent Plaintiff was on call 24 hours, seven (7) days per week and responsible for emergency repairs, evening curbsiding of trash, snow removal in the winter and to provide keys to tenants who were locked out after business hours.

12.    During the relevant time period of Plaintiff's employment from on or about April 1, 2024 to on or about September 6, 2024, Plaintiff regularly worked approximately 84 hours per week. Plaintiff's regular work hours were Monday, Wednesday, Friday and Sunday from 6AM to 7pm; Tuesday, Thursday, Saturday from 7am to 7pm.  Plaintiff was permitted a 30 minute lunch break.

13.    On or about June 1 2024 Plaintiff was provided an apartment at his workplace located at 1231 Fulton.  The apartment was not habitable.  Because Plaintiff needed housing, he installed a stove, refrigerator and toilet which he purchased out of pocket and installed them in the apartment to make it habitable   Even after Plaintiff complained about trash that Defendants kept in the bedroom of the subject apartment, Defendants refused to remove the trash that created an infestation of maggots.   This caused Plaintiff to sleep and otherwise reside in the living room by the front door as the maggots crawled all over the walls by the bedroom.  During April, there was

no heat and during the summer, there was no air conditioning and no hot water. Despite these unlawful and deplorable living conditions, Defendants deducted weekly rent from Plaintiff's wages without Plaintiff's authorization. Plaintiff did not agree to pay rent or ever permit the deduction of rent from his wages.

14. From on or about June 1, 2024 to July 31, 2024, Defendants deducted approximately $200.00 from his wages. From on or about August 1, 2024, to September 6, 2024, Defendants deducted approximately $350.00 from Plaintiff's wages.

15. From on or about April 1, 2024 to May 31, 2024 Plaintiff was paid a weekly salary of approximately $382.00.

16. From on or about June 1, 2024 to July 31, 2024 Plaintiff was paid a weekly salary of approximately $585.00 after his weekly rent deduction.

17. From on or about August 1, 2024 to September 6, 2024 Plaintiff was paid a weekly salary of approximately $442.00 after his weekly rent deduction.

18. During the relevant time period, the FLSA and NYLL required that Plaintiff, as a non-exempt manual laborer in New York City, be compensated an hourly minimum wage of $16.00 per hour for all hours worked up to forty (40) hours in a workweek.

19. During the relevant statutory time period, the FLSA and NYLL required that Plaintiff, as non-exempt manual laborer in New York City, be compensated $24.00 per hour for all hours worked in excess of 40 hours in a workweek at an hourly rate of one and one half times the minimum hourly wage rate.

20. At approximately 84 hours worked per workweek, Plaintiff's lawful weekly wages due to him were approximately $1,696.00 per week pursuant to the 29 USC 206, 207 and NYLL 651 et seq, rules and regulations.

21.    At all relevant times, Plaintiff worked seven (7) days per week and each workday, he worked more than ten (10) hours per day from the beginning to the end of the workday irrespective of breaks.  Pursuant to NYLL rules and regulations, Plaintiff was entitled to one additional hour of pay at minimum wage of $16.00 for each work day that he worked over 10 hours in a workday.

22.    From on or about June 1, 2024 to July 31, 2024, Defendants unlawfully deducted approximately $200.00 from Plaintiff's wages as weekly rental payments in violation of NYLL §193.

23.    From on or about August 1, 2024 to September 6, 2024, Defendants unlawfully deducted approximately $350.00 from Plaintiff's wages as weekly rental payments also in violation of NYLL §193.

24.    In violation of NYLL §195(1) Plaintiff was never provided with a wage notice acknowledgment in Spanish, his native language or in English, at the time of his hire or at any time there was a change in his wage rate, detailing among other information, the employer's name and contact information, Plaintiff's minimum and overtime wage rates and his regular pay date.

25.    In violation of NYLL §195(3) Plaintiff was not provided with accurate and proper wage statements that provided among other information, his total weekly hours worked and corresponding wage rates for hours worked up to 40 hours in a workweek and hours worked in excess of 40 hours in a workweek.

26.    Because Defendants did not provide Plaintiff with a proper wage notice in English and in his native Spanish language and proper and accurate wage statements, Plaintiff was prevented from complaining about underpayments of minimum, spread of hours and overtime wages to the Department of Labor, the courts or the employer and suffered repeated underpayments of his weekly wages and inadequate sustenance.

27. On or about August 1, 2024, Plaintiff complained to his manager Daniel about the decrease in pay from approximately $585 to $442 per week and that he was struggling to pay bills and support himself and his ill parent and disabled sibling thereby engaging in protected activities within the meaning of the FLSA and NYLL. Plaintiff also complained about the lack of heat in the winter, hot water, mold that made him ill, the maggot infestation because Defendants would not remove the trash in the bedroom and lack of air conditioning in the summer months.

28. Approximately one month after complaining about his reduced wages and/or unauthorized deductions from his wages, Defendants retaliated against Plaintiff when they summarily discharged Plaintiff in close temporal proximity to his complaints about his wage underpayments and/or unauthorized deductions from his wages and deplorable living / work conditions.

THE DEFENDANTS

29. Based upon information and belief, Defendant Chestnut Holdings of New York, Inc. ("Chestnut Holdings") is a domestic business corporation organized under the laws of New York State with a principal business location of 5676 Riverdale Avenue, Riverdale. NY 10471.

30. Based upon information and belief, 1231 LLC is a limited liability company organized under the laws of New York State with a principal business location c/o Chestnut Holdings of New York, Inc. 5676 Riverdale Avenue, Suite 307, Riverdale. NY 10471.

31. Based upon information and belief, 1504 Sheridan LLC is a limited liability company organized under the laws of New York State with a principal business location c/o Chestnut Holdings of New York, Inc. 5676 Riverdale Avenue, Riverdale. NY 10471.

32. Based upon information and belief, Kerem Holdings 7 LLC is a limited liability company organized under the laws of New York State with a principal business location c/o Chestnut Holdings of New York, Inc. 5676 Riverdale Avenue, Suite 307, Riverdale. NY 10471

33.    Based upon information and belief, Chestnut Holdings is a real estate enterprise that manages and maintains residential apartment buildings located in Bronx County, New York including the residential buildings located at 1504 Sheridan Avenue, Bronx, NY and 1231 Fulton Avenue, Bronx, NY where Plaintiff worked during the relevant time period of his employment.

34.    Based upon information and belief, the buildings located at 1504 Sheridan and 1231 Fulton in Bronx, New York were each multi-dwelling residential apartment buildings with approximately 40 apartments each.

35.    Based upon information and belief, 1504 Sheridan, 1231 Fulton and Kremer were used for payroll check processing purposes as Plaintiff received payroll checks from these companies at various times during his employment or cash payments from Chestnut Holdings from on or about April 1, 2024 to May 31, 2024 in payment of his wages.

36.    Based upon information and belief, during the relevant time of his employment, Plaintiff's managers Alex and Daniel were employees of Defendant Chestnut Holdings.

37.    Plaintiff's manager Alex supervised Plaintiff's schedule and work at all relevant times.

38.    Plaintiff's manager Daniel was responsible for Plaintiff's schedule and wage payments or payroll.

39.    Based upon information and belief, Chestnut Holdings had common control with Defendants 1504 Sheridan, 1231 Fulton and Kremer over the management, personnel and payroll policies and practices for employees including Plaintiff at Plaintiff's residential building/ worksites.

40.    Based upon information and belief, all Defendants were each employers within the meaning of the FLSA during all relevant times as each had gross annual revenues of over $500,000 and Plaintiff handled goods including but not limited to: cleaning supplies, light and/or plumbing

9

fixtures, appliances, smoke detectors, window guards and tiles for installation that were produced and transported through interstate commerce for performance of his work duties as a superintendent.

41.    Based upon information and belief, all Defendants were joint employers within the meaning of the FLSA and NYLL.

42.    At all relevant times, all Defendants jointly and severally employed Plaintiff within the meaning of the FLSA and NYLL §2 and §651(5) and (6).

43.    Based upon information and belief, all Defendants willfully failed to pay Plaintiff proper minimum, spread of hours and overtime wages as they knew it was in violation of or in reckless disregard that it was in violation of wage and hour laws under the FLSA and NYLL.

44.    Based upon information and belief, all Defendants jointly and severally imposed this unlawful wage and hour employment policies and practices at all of their buildings/worksites including those of Plaintiff's worksites and carried out these unlawful policies and practices through their property managers or assistant property managers who oversaw and scheduled the work duties or assignments to Plaintiff.

45.    At all relevant times, all Defendants jointly and severally required Plaintiff to be on call 24 hours per day, seven days per week and to work in excess of 40 hours per workweek without proper compensation at one and one half times their regular or minimum wage rate.

46.    At all relevant times, all Defendants jointly and severally failed to pay Plaintiff the proper minimum wage rate for all hours worked up to 40 hours in a workweek,

47.    At all relevant times, pursuant to NYLL rules and regulations, all Defendants jointly and severally failed to pay Plaintiff for one hour of minimum wage if the hours worked per day from start to end time exceeded 10 hours regardless of breaks given if any.

48.    Based upon information and belief, all Defendants failed to keep accurate time and other business records for Plaintiff including but not limited to his time records and schedules in violation of the FLSA and NYLL.

49.    Defendants required Plaintiff to remain on call 24 hours, seven days per week, including his regular work hours without arranging for reporting of these hours worked in order for Defendants to avoid paying Plaintiff for his actual hours worked.

50.    Plaintiff was required to be on call to ensure his availability for including but not limited to: perform snow removal in the winter, provide building access to emergency responders, plumbing leaks, tenant lock outs, or other urgent and unforeseen tasks.  However, Plaintiff was not compensated for actually performing such work during the relevant time period as he was only paid his fixed salary that fell below minimum and overtime wages under the FLSA and NYLL.

51.    Based upon information and belief, Plaintiff was not permitted to record hours of work beyond 40 hours in a workweek.

52.    The Second Circuit has held that under the FLSA, whenever there is an underpayment of minimum and/or overtime wages, 100% or double damages of the wage underpayments is the norm, not the exception.

53.    Under the NYLL rules and regulations, 100% liquidated damages are the norm for underpayments of minimum wage, spread of hours pay and overtime wages.

54.    Accordingly, Plaintiff seeks his underpayments of minimum, spread of hours and overtime wages, 100% liquidated damages, attorneys fees and costs pursuant to the FLSA and NYLL.

55.    Defendants intentionally failed to provide Plaintiffs with proper wage notice acknowledgments in English and Plaintiff's native Spanish language at the time of hire or any change in wage rates or method of payment including notice of, including but not limited to: the

Employer's name and contact information, rate of pay including regular or minimum hourly wage rate, overtime wage rate for hours worked in excess of 40 hours per workweek, beginning and ending day of the workweek, spread of hours pay, pay date, frequency of wage payments in violation of NYLL 195(1) and (2) to conceal Plaintiffs' rights to lawful wages and to complain about the terms and conditions of their employment including the Defendant's unlawful payroll policies and practices.

56.    Defendants intentionally and willfully failed to provide Plaintiff with proper and/or accurate wage statements for every workweek worked and compensated pursuant to NYLL 195(3) including but not limited to: Employer's name and contact information, hours worked for the relevant workweek separating hours worked to 40 hours and the commensurate regular or minimum wage hourly wage rate, and hours worked in excess of 40 hours per workweek and the commensurate overtime wage rate, and spread of hours pay in order to conceal Plaintiff's rights to lawful wages and to complain about the terms and conditions of their employment including the Defendant's unlawful payroll policies and practices.

57.    Accordingly, Plaintiff is entitled to maximum penalties of $5,000 for wage notice violations under NYLL §195(1) and NYLL §198 and maximum penalties of $5,000 for failure to provide proper wage statements in violation of NYLL §195(3) and NYLL §198 plus attorneys fees and costs.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEFENDANT'S UNDERPAYMENT OF MINIMUM WAGES
### IN VIOLATION OF FLSA §206 rules and regulations

58.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

59.     As alleged throughout this Complaint, all Defendants jointly, severally and willfully employed Plaintiff within the meaning of the FLSA in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate up to 40 hours in a workweek for their respective employment.

60.     As alleged throughout this Complaint, Defendants willfully violated the minimum wage and overtime wage provisions under the FLSA as it knew or acted in reckless disregard that it was in violation of the FLSA.

61.     Under the FLSA, 29 U.S.C. § 206 manual laborers are required to be paid a minimum hourly wage rate in effect at the time of employment.  Whenever the state minimum wage is higher than the federal minimum wage rate, the district courts in New York State apply the higher New York State minimum wage rates set by the New York State Commissioner of Labor.

62.     As alleged *supra*,  during the relevant time period of Plaintiff's employment from on or about April 1, 2024 to on or about September 6, 2024, the FLSA and NYLL required that Plaintiff, as non-exempt manual laborer in New York City, be compensated an hourly minimum wage of $16.00 for all hours worked up to forty hours in a workweek.

63.     As alleged throughout this Complaint, Plaintiff worked approximately 84 hours per week during the relevant time period of his employment.

64.     Notwithstanding the statutory minimum wages applicable to Plaintiff, Defendants jointly and severally paid Plaintiff approximately $382 per workweek during on or about April 1, 2024 to May 31, 2024; then approximately $585 per workweek from on or about June 1, 2024 to July 31, 2024 and thereafter approximately $442 per workweek from on or about August 1, 2024 to September 6, 2024 which all fell below the lawful minimum wages up to 40 hours at $16 per hour totaling $640.00 per week during the relevant time period..

65.    All Defendants' failure to comply with the FLSA has jointly and severally caused Plaintiff to suffer a loss of wages.

66.    Accordingly, Plaintiff seeks to recover from all Defendants jointly and severally, the underpayments of his minimum wages during the relevant time period of his employment in amounts to be determined at the time of trial plus 100% liquidated damages or double damages, attorneys fees and costs pursuant to FLSA §206 et seq.

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW § 652(1) MINIMUM WAGE**

67.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

68.    As alleged throughout this Complaint, Plaintiff was an employee of Defendants jointly and severally within the meaning of the NYLL §2 and 650 et seq. during the relevant time period from on or about April 1, 2024 to on or about September 6, 2024

69.    As alleged throughout this Complaint, Defendants failed to pay Plaintiff the required minimum wage rate of $16 per hour in effect during the relevant time period for all hours of work that Plaintiff worked up to 40 hours in a workweek.

70.    At all relevant times, Plaintiff worked approximately 84 hours per week and was paid approximately $382 per workweek during on or about April 1, 2024 to May 31, 2024; then approximately $585 per workweek from on or about June 1, 2024 to July 31, 2024 and thereafter approximately $442 per workweek from on or about August 1, 2024 to September 6, 2024 which all fell below the lawful minimum wages up to 40 hours at $16 per hour totaling $640.00 per week during the relevant time period.

71.    Defendants' failure to comply with the NYLL has caused Plaintiff to suffer a loss of wages and lack of sustenance during the relevant time period.

72.    Accordingly, Plaintiff is entitled to recover from Defendants jointly and severally, underpayments of their respective minimum wages, in amounts to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs  pursuant to NYLL §§ 198 and 652 rules and regulations.

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF THE FLSA 29 USC §207 rules and regulations (UNPAID OVERTIME)

73.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

74.    FLSA §207 requires that non-exempt employees be paid for all hours worked in excess of 40 hours in a workweek at one and one half times the regular or minimum wage rate.

75.    As alleged throughout this Complaint, during the relevant time period from on or about April 1, 2024 to on or about September 6, 2024 all Defendants jointly and severally employed or permitted Plaintiff to suffer work for workweeks longer than forty (40) hours in a workweek during the relevant time period and failed to compensate Plaintiff $24 per hour for his actual hours worked in excess of forty (40) hours per workweek at a rate of one and one half times the minimum wage rate of $16 per hour..

76.    As alleged throughout this Complaint, Plaintiff regularly worked approximately 84 hours per week or 44 hours in excess of 40 hours in a workweek during the relevant time period of Plaintiff's employment.

77.    As alleged throughout this Complaint, Plaintiff was paid approximately $382 per workweek during on or about April 1, 2024 to May 31, 2024; then approximately $585 per workweek from on or about June 1, 2024 to July 31, 2024 and thereafter approximately $442 per workweek from on or about August 1, 2024 to September 6, 2024 which all fell below the lawful minimum wages up to 40 hours at $16 per hour totaling $640.00 per week during the relevant time

period.   Therefore, during the entire period of Plaintiff's employment Defendants jointly and severally underpaid all of Plaintiff's overtime wages for his hours worked beyond 40 hours in a workweek.

78.    Defendants' failure to pay Plaintiff proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255 as it knew or acted in reckless disregard of its knowledge that it violated the FLSA by knowingly causing Plaintiff to work over 40 hours in a workweek without additional overtime compensation.

79.    Defendants' failure to comply with the FLSA caused Plaintiff to suffer a loss of wages and lack of sustenance.

80.    Accordingly, Plaintiff seeks to recover from all Defendants jointly and severally, underpayments of his overtime wages during the relevant time period, in an amount to be determined at trial, for his hours worked in excess of or beyond 40 hours in a workweek plus double or 100% liquidated damages of the underpayment of overtime wages, attorneys fees and costs pursuant to 29 USC §206, 260 et seq.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of NYLL 22 NYCRR 142 et seq. – Unpaid Overtime Wages

81.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

82.    NYLL§ 650, et seq.; 12 N.Y.C.R.R. § 142-2.2 required Defendants to pay Plaintiff $24 per hour for all hours worked in excess of 40 hours in a workweek at an hourly rate of one and one half times the regular or minimum hourly wage rate of $16 in effect during the relevant time period.

83.    As alleged throughout this Complaint, Plaintiff regularly worked approximately 84 hours per week or 44 hours in excess of 40 hours in a workweek.

84.    As alleged throughout this Complaint Plaintiff worked approximately 84 hours per week and was paid approximately $382 per workweek during on or about April 1, 2024 to May 31, 2024; then approximately $585 per workweek from on or about June 1, 2024 to July 31, 2024 and thereafter approximately $442 per workweek from on or about August 1, 2024 to September 6, 2024 which all fell below the lawful minimum wages up to 40 hours at $16 per hour totaling $640.00 per week during the relevant time period. Therefore, during the entire period of Plaintiff's employment from on or about April 1, 2024 to on or about September 6, 2024, Defendants jointly and severally underpaid all of Plaintiff's overtime wages for his hours worked beyond 40 hours in a workweek.

85.    As alleged throughout this Complaint, Defendants had a policy and practice of refusing to pay Plaintiff the lawful hourly minimum and overtime wages in effect for each of Plaintiff's actual hours worked up to 40 hours and in excess of 40 hours in a workweek during the relevant time period.

86.    As a result of these willful underpayments of overtime wages, Plaintiff suffered loss of income and sustenance during the relevant time period.

87.    Accordingly, Plaintiff seeks to recover from all Defendants jointly and severally, underpayments of his overtime wages in amounts to be determined at the time of trial, 100% of these underpayments as liquidated damages, attorneys fees and costs pursuant to NYLL 650 et seq., NYCRR §142 et seq.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NYLL SPREAD OF HOURS PAY

88.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

89. During all relevant times of Plaintiff's employment from on or about April 1, 2024 to on or about September 6, 2024, Defendants jointly and severally failed to pay spread of hours pay to Plaintiff in violation of 12 NYCRR §142-2.4 which states in relevant part, "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

90. As alleged throughout this Complaint Plaintiff regularly worked a schedule from 5am to 7pm Monday through Friday which was more than 10 hours worked in a work day, during the relevant time period.

91. As alleged throughout this Complaint, during the relevant time period, Plaintiff was paid weekly wages that fell under the minimum wage rate of $16 per hour and therefore failed to pay any additional hour of pay at the minimum wage rate of $16 per hour for every work day that Plaintiff worked more than 10 hours in one work day from beginning to end irrespective of any breaks taken by Plaintiff.

92. Accordingly, Plaintiff seeks to recover from Defendants jointly and severally, his unpaid spread of hours pay during the relevant time period, liquidated damages, attorneys fees and costs, interest, penalties and costs pursuant to NYLL§ 198.1-a

**AS AND FOR A SIXTH CAUSE OF ACTION**
**NYLL 195(1) Wage Notice Acknowledgment Violation**

93. Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

94. NYLL 195(1) required Defendants to provide at the time of Plaintiff's hire or at the time of a change in terms of pay, including but not limited to: a written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

95.    As alleged throughout this Complaint, each of Defendants failed to maintain proper business records including time records and underpaid Plaintiff in minimum wage and overtime wage compensation for his actual hours worked during the relevant time period from on or about April 1, 2024 to on or about September 6, 2024.

96.    As alleged throughout this Complaint, all Defendants intentionally and willfully failed to provide such notice to Plaintiff at the time of hire or when there were any changes to his pay rate in violation of NYLL §195 to conceal his wage and hour claims against Defendants and to prevent Plaintiff from complaining about his wages to the Department of Labor, the courts or the employer, including but not limited to misclassification of Plaintiff's employment status as exempt and failure to pay Plaintiff's proper minimum and overtime hourly wages. Due to Defendants' concealment of Plaintiff's wage claims, Plaintiff was also forced to suffer repeated underpayments of his wages or lack of sustenance that he needed at the time his wages were due.

97.    Due to Defendants' violations of the NYLL§ 195(3), Plaintiff is entitled to recover from all Defendants jointly and severally, statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), attorneys fees and costs pursuant to NYLL § 198 (1-d).

### AS AND FOR A SEVENTH CAUSE OF ACTION
**New York Labor Law (NYLL) § 195(3) – Failure to Provide Accurate Wage Statements**

98.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

99.    NYLL § 195(3) requires employers to provide their employees with proper and accurate written wage statements for every workweek an employee is compensated with wages that include without limitation, hourly or salary wage rates, hours of work performed in each workweek in separate categories of regular hours up to 40 hours and overtime hours worked beyond 40 hours and the basis of pay for each category of hours.

100.    As alleged throughout this Complaint, Defendants failed to maintain proper and accurate time records that accurately reflected Plaintiff's regular, spread of hours and overtime hours of work and corresponding pay.

101.    As alleged throughout this Complaint, Defendants failed to provide Plaintiff with proper and accurate wage statements accompanying each of his wage payments in cash or check during the relevant time period  from on or about April 1, 2024 to on or about September 6, 2024.

102.    Plaintiff was damaged by Defendants' failure to provide proper wage statements because it misled Plaintiff to believe that Defendants were properly paying his wages when it was in violation of minimum and overtime wage provisions of the NYLL and it prevented Plaintiff from complaining about or seeking proper payments of his minimum and overtime wages.

103.    Due to Defendants' concealment of Plaintiff's wage claims, Plaintiff was also forced to suffer repeated underpayments of his wages or lack of sustenance that he needed at the time his wages were due.

104.    Due to Defendants' violations of the NYLL §195(3), Plaintiff is entitled to recover from Defendants jointly and severally, statutory penalties or damages of Two Hundred and Fifty dollars

($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## AS AND FOR AN EIGHTH CAUSE OF ACTION
Retaliation and discharge in violation of FLSA §215

105.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

106.    FLSA 29 USC §215 (a)(3) states in relevant part, "(a) …It shall be unlawful for any person …(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…"

107.    Rights to minimum and overtime wage payments to employees who worked beyond 40 hours in a workweek are protected under the FLSA 29 USC §207 within the meaning of "this chapter" as referenced in FLSA §215 detailed *supra*.

108.    The statute of limitations under FLSA §215 is two (2) years and, three (3) years for Defendants' willful violation of the FLSA §207 in misclassifying Plaintiff as a salaried exempt employee and refusing to and/or failing to pay hourly minimum and overtime wage compensation for actual overtime hours worked.   *See*, *US DOL WHD* Field Assistance Bulletin 2022-02.

109.    As alleged throughout this Complaint Plaintiff was continuously employed by Defendants from on or about April 1, 2024 to September 6, 2024 and was therefore qualified for his position.

110.    As alleged throughout this Complaint, on or about August 1, 2024, Plaintiff complained to his manager Daniel about the decrease in pay from approximately $585 to $442 per week and that he was struggling to pay bills and support himself and his ill parent and disabled sibling thereby engaging in protected activities within the meaning of the FLSA and NYLL.   Plaintiff thereby

engaged in protected activity when he complained about Defendants' payroll policies and practices that are protected under the FLSA.

111.    Approximately one month after Plaintiff's complaint about the reduction of his weekly wages and/or deductions therefrom, Defendants retaliated against Plaintiff when they summarily discharged Plaintiff in close temporal proximity to his complaints about his wage underpayments and/or deductions from his weekly pay and deplorable living / work conditions in his apartment.

112.    As a result of Defendants' adverse employment action of discharge taken against Plaintiff in close proximity to or in retaliation for Plaintiff's engagement in protected activity of complaining about the reduction of his wages or unauthorized deductions taken therefrom, Plaintiff is entitled to damages pursuant to the FLSA 29 USC §215(a)(3), including but not limited to back pay, liquidated damages, compensatory including mental anguish damages, punitive damages and attorneys fees and costs in amounts to be determined at the time of trial.

**AS AND FOR A NINTH CAUSE OF ACTION**
**Retaliation in violation of NYLL §215**

113.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein.

114.    NYLL §215 states in relevant part, "1.    (a)  No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any otherperson, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the

commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter, or (iv) because such employee has provided information to the commissioner or his or her authorized representative or the attorney general, or (v) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (vi) because such employee has otherwise exercised rights protected under this chapter, or (vii) because the employer has received an adverse determination from the commissioner involving the employee.

115.    As alleged throughout this Complaint Plaintiff was continuously employed by Defendants from on or about April 1, 2024 to September 6, 2024 and was therefore qualified for his position.

116.    As alleged throughout this Complaint, on or about August 1, 2024, Plaintiff complained to his manager Daniel about the decrease in pay from approximately $585 to $442 per week and that he was struggling to pay bills and support himself and his ill parent and disabled sibling thereby engaging in protected activities within the meaning of the FLSA and NYLL.  Plaintiff thereby engaged in protected activity when he complained about Defendants' payroll policies and practices that are protected under the NYLL

117.    As alleged throughout this Complaint, Plaintiff complained to his manager Daniel on good faith belief that Defendants violated the FLSA and NYLL for failing to pay him proper minimum and overtime wages and/or decreasing his pay without notice on or about August 1, 2024 and or taking unauthorized deductions from his wages during the relevant time period of his employment.

118.    Approximately one month after complaining about the reduction in wages and/or unauthorized deductions from his wages, Defendants retaliated against Plaintiff when they

summarily discharged Plaintiff on or about September 6, 2024 in close temporal proximity to his complaints about his wage underpayments and/or unauthorized wage deductions and deplorable living / work conditions in his apartment

119.    As alleged throughout this Complaint, Plaintiff's discharge in retaliation for complaining about Defendants' payroll polices and practices would deter a reasonable employee from similarly complaining or filing a complaint about Defendants' unlawful employment practices such as unlawful pay practices.

120.    Based on Defendants' retaliation against Plaintiff in violation of NYLL §215, Plaintiff seeks (a) back pay; (b) 100% liquidated damages; (b) compensatory and punitive damages; (c) attorneys fees and costs; and (d) pre and post judgment interest.

### AS AND FOR A TENTH CAUSE OF ACTION
### Unlawful Deductions from wages in violation of NYLL §193

121.    Plaintiff repeats and realleges each and every previous allegation made as if fully set forth herein,

122.    New York Labor Law §193 states in relevant part, "No employer shall make any deductions from the wages of an employee, except deductions which: (a) are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency."

123.    NYCRR 142-2.10 states in relevant part, "(a) Wages shall be subject to no deductions, except for allowances authorized in this Part, and except for deductions authorized or required by law, such as for social security and income tax. …(b) The minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by an employer.

124.    As alleged throughout this Complaint, Defendants deducted from Plaintiff's wages without his authorization, weekly rent in the amount of approximately $200 during on or about June 1,

2024 to July 31, 2024 and approximately $350 in weekly rent during on or about August 1, 2024 to September 6, 2024.

125.    As alleged throughout this Complaint, Defendants failed to reimburse Plaintiff for installing a stove, refrigerator and toilet in the apartment provided to Plaintiff at 1231 Fulton on or about June 1, 2024.

126.    Based on the foregoing, Plaintiff seeks to recover all of the unlawful deductions including apartment rent and expenses to install appliances and/or plumbing and fixtures taken from his wages or not reimbursed to Plaintiff, 100% liquidated damages for these unlawful deductions or wage underpayments, attorneys fees, costs and interest.

**PRAYER FOR RELIEF**

**WHEREFORE** named Plaintiff respectfully requests, in his favor and against the named Defendants Chestnut Holdings, 1231 LLC, Keren and 1504 Sheridan  (collectively, "Defendants") jointly and severally, an order and judgment for the following relief:

A.    declaring Defendants jointly and severally violated FLSA §206, §207, NYLL §651 et seq., and NYCRR §142 et seq. for underpayments of minimum wages and overtime wages to Plaintiff for all hours worked up to and in excess of 40 hours in a workweek at one and one half times their regular or minimum hourly wage rate in effect during the relevant time period, in the FIRST through FOURTH CAUSES OF ACTION; and

B.    awarding to Plaintiff underpayments of minimum wage and overtime wage damages together with double or 100% of the underpayments as liquidated damages, attorneys fees and costs pursuant to FLSA §201 et seq. and NYLL 651 et seq., NYCRR 142 et seq. as sought in the FIRST THROUGH FOURTH CAUSES OF ACTION.; and

C.    declaring Defendants jointly and severally failed to pay spread of hours at one additional

hour of minimum wage in effect during the relevant time period for each workday that was over 10 hours from start to end of the workday regardless of breaks provided if any in violation of NYCRR §142-2.4 in the FIFTH CAUSE OF ACTION;

D.      awarding to Plaintiff unpaid spread of hours pay at one hour of minimum wage in effect during the relevant time period together with 100% liquidated damages, attorneys fees and costs pursuant to NYLL §651 et seq., rules and regulations NYCRR §142-2.4 as sought in the FIFTH CAUSE OF ACTION ; and

E.      declaring Defendants jointly and severally liable for and awarding Plaintiff $5,000 in penalties, plus attorneys fees and costs pursuant to NYLL §195 (1) and §198 for Defendants' failure to provide proper and accurate wage notice acknowledgments in violation of NYLL 195(1) in the SIXTH CAUSE OF ACTION;

F.      declaring Defendants jointly and severally liable for and awarding Plaintiff $5,000 in penalties, plus attorneys fees and costs pursuant to NYLL §195(3) and §198 for Defendant's failure to provide them proper and accurate wage statements in violation of NYLL §195(3) in the SEVENTH CAUSE OF ACTION.

G.      Declaring Defendants jointly and severally liable for discharge in violation of FLSA §215 and/or NYLL §215 in retaliation for Plaintiff's engagement in protected activity as alleged in the EIGHTH AND NINTH CAUSES OF ACTION;

H.      Awarding Plaintiff damages for retaliatory discharge in violation of FLSA §215 and/or NYLL §215 in the EIGHTH AND NINTH CAUSES OF ACTION including back pay, 100% liquidated damages, punitive damages, compensatory damages, attorneys fees and costs.

I.      Declaring Defendants jointly and severally liable for unlawful deductions from Plaintiff's wages for rent for and failing to reimburse Plaintiff for appliances, plumbing and fixtures  he

purchased and installed in Defendants' apartment located in 1231 Fulton Avenue in violation of NYLL 193 as alleged in the TENTH CAUSE OF ACTION;

**J.**      Awarding Plaintiff unlawfully deducted rent and un-reimbursed expenses and costs from Defendants jointly and severally pursuant to NYLL 193 in the TENTH CAUSE OF ACTION;

**K.**      Any and all other further relief as this Court shall deem just and proper.

Dated:  New York, NY
            January 24, 2025

Nisar Law Group, PC
Attorneys for Plaintiff Collado Gonzalez

/s/ Susan Ghim

_____

BY:    Susan Ghim
          60 East 42nd Street, Suite 4600
          New York, NY 10165
          Ph. 646-889-1011
          Email: SGhim@Nisarlaw.com