UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL COLLADO GONZALEZ,

               Plaintiff,

– against –

CHESTNUT HOLDINGS OF NEW YORK, INC., 1231 LLC, KEREM HOLDINGS 7 LLC, *and* 1504 SHERIDAN LLC,

               Defendants.

**ORDER & OPINION**

25-cv-00753 (ER)

Ramos, D.J.:

      Angel Collado brought this action against Chestnut Holdings of New York Inc., 1231 LLC, Kerem Holdings 7 LLC and 1504 Sheridan LLC (collectively "Defendants") on January 24, 2025, alleging violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law Regulation 12 NYCRR §142 et seq, and various provisions of the New York Labor Law ("NYLL"). Doc. 1 ¶¶ 1–2. Doc. 1. He then filed a First Amended Complaint ("FAC") on April 3, 2025. Doc. 21. Collado claims that Defendants failed to pay him hourly minimum wage and overtime wages, unlawfully deducted wages as weekly rental payments, failed to provide proper notice of minimum and overtime wages, failed to provide proper wage notices and statements, and summarily discharged him in retaliation for his complaints about his wage underpayments. *Id.* ¶¶ 1–2. Collado claims he is entitled to lost wages, the unlawful deductions that Defendants took from his wages without his authorization, out of pocket costs and expenses that Plaintiff incurred to improve Defendants' real property, as well as penalties, liquidated damages, attorneys' fees and costs. *Id.* ¶ 2. In parallel, Defendants commenced an ejectment action in state civil court against Collado even though he claims he had already vacated the apartment in

which he was a live-in superintendent after his discharge.  Doc. 33 at 1.  Before the Court is the parties' motion for approval of their settlement agreement.  Doc. 33.  For the reasons set forth below, the motion is GRANTED.

## I. LEGAL STANDARD

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL").  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

II.  **DISCUSSION**

   A.  **Range of Recovery**

The proposed settlement agreement provides a total recovery of $10,000. Doc. 33 at 4. Pursuant to the agreement, Collado's counsel will receive $3,330 in attorneys fees and an additional $903.80 in costs and disbursements for a total of $4,233.80. *Id.* at 5. After attorneys' fees and costs, Collado will receive $5,766.20. *Id.* at 4.

Collado estimates that his maximum recovery would be approximately $101,880. Specifically, he estimates that he is entitled to recover double the back pay from the time of his discharge to the date of the mediation, bringing the subtotal to $57,600. *Id.* Collado also sought total underpayments of minimum and overtime wages of approximately $16,300.00 for an alleged workweek of 84 hours per week plus liquidated damages for a total of $32,600. *Id.* at 3. He also sought to recover $1,680 for underpaid overtime, $5,000 for Defendants' failure to provide a written notice of minimum and overtime wages, $5,000 for Defendants' failure to provide proper wage statements with a recording of his hours worked, and $750 for unpaid reimbursements. *Id.* at 2–4.

The Court finds that the proposed settlement amount is fair and reasonable. *See Khan v. Young Adult Institute, Inc.,* No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Collado receiving a settlement without experiencing the risks and delays inherent in litigation.

Furthermore, Defendants dispute all of Collado's allegations, including whether he worked the hours alleged beyond forty hours in a workweek, whether he fell under the New York residential janitorial exemption from minimum and overtime wages, whether he resided on the employers' premises during the entire period of his employment, whether Defendants provided written notice of minimum and overtime wages, among others. *Id.* at 3.

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.,* No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). In light of the above-mentioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Collado. *See Garcia v. Good for Life by 81, Inc.,* No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). And the settlement resulted from arm's length negotiations in which the parties were represented by experienced attorneys in the area of wage and hour litigation. Doc. 33 at 4.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court concludes that the proposed attorneys' fees and costs are reasonable. Collado's counsel will receive $4,233.80 in attorneys' fees and costs, which is approximately one third of the settlement. *Id.* at 5. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases*." Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Trust Company*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

4

Collado's counsel has submitted billing records for one attorney in this case: Susan Ghim, attorney at Nisar Law Group, P.C., who bills at a rate of $400 per hour. Doc. 33-5 at 2–4.

As to Ghim, the Court finds that the hourly rate of $400 is reasonable. *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437-39 (S.D.N.Y. 2014) (finding $250-450 per hour appropriate for experienced litigators). Ghim's hourly rate is commensurate with other similarly experienced senior associates in the field.

The records submitted by Ghim show that she spent 46 hours on the case, resulting in a total lodestar of $18,400. Doc. 33-5 at 2–4. The lodestar of $18,400, compared to the requested $4,233.80 of the settlement, results in a lodestar multiplier of approximately 0.23. Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court finds that $4,233.80 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement to be fair and reasonable, as it includes no objectionable non-disparagement provision and no confidentiality provision at all. *See Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *2–3 (S.D.N.Y. Jan. 20, 2021). The mutual non-disparagement clause appropriately contains a carve out for truthful statements including factual or truthful statements about the terms and conditions of Plaintiffs employment. Doc. 33. With respect to Collado's obligations under the agreement, the mutual general release of claims approppriately discharges claims pursuant to Collado's wage-and-hour allegations, including his claims under the FLSA and the NYLL, as well as all other claims related to the state civil court ejectment action. Doc. 33-1 at 5. As Collado asserts, "the parties negotiated a mutual general release to resolve this dispute and for both parties to walk

away from the employer-employee relationship without risks of any further disputes between them." *Id.*; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

### III.  CONCLUSION

For the foregoing reasons, the motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 33, and close the case.

It is SO ORDERED.

Dated:   October 2, 2025
         New York, New York

                                                    _____
                                                         EDGARDO RAMOS, U.S.D.J.